IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SUNNY SHAW,

    Plaintiff,

v.                                                  CASE NO. 1:13-cv-129-MP-GRJ

GERALD TERRILL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 24, a motion to dismiss filed by Defendants Mortlock, Smith, Terrill, and Wimberly.[1] Plaintiff, an inmate in the custody of the Florida Department of Corrections who is proceeding *pro se* in this 42 U.S.C. § 1983 case, has not filed a response in opposition, and failed to respond to the Court's Order to Show Cause why the motion should not be granted. (Doc. 26.) Plaintiff has not filed any papers in this case since submitting his Third Amended Complaint (Doc. 22) in October 2013. For the reasons discussed below, it is recommended that the motion to dismiss be granted and Plaintiff's suit be dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); because Plaintiff failed to properly exhaust his claims; and because Plaintiff failed to prosecute his claims and failed to comply with a Court order.

---

[1] Plaintiff named several "John Doe" defendants in his Third Amended Complaint (Doc. 22) but has not provided the Court with any identifying information for these defendants.

## I.  ALLEGATIONS OF PLAINTIFF'S COMPLAINT

In his Third Amended Complaint (Doc. 22), Plaintiff alleges the following: On October 22, 2012, another inmate attacked him with a broom.  Defendants Smith and Mortlock "did not intervene until they felt [necessary]."[2]  (Doc. 22, p. 5.)  Defendant Terrill arrived to intervene in the attack and put Plaintiff in a choke hold, sprayed Plaintiff with chemical agents, and then shoved him to the ground.  While Plaintiff was on the ground, Defendants Terrill, Wimberly, and three John Doe officers punched, kicked, and kneed Plaintiff.  Defendants Mortlock and Smith stood by watching and failed to protect Plaintiff from the other officers.  Plaintiff subsequently went to the nurses's station for medical attention, where de declared a psychological emergency. Plaintiff's violations of his Eighth and Fourteenth Amendment rights.  For relief, he seeks monetary damages from each defendant.  (Doc. 22.)

---

[2]  To the extent Plaintiff attempts to assert Eighth Amendment failure to intervene claims against Defendants Smith and Mortlock, his Third Amended Complaint fails to state facts that give rise to such a claim.  An officer can be liable under the Eighth Amendment if he fails to take reasonable steps to protect an inmate from assault by an another inmate.  *See Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (citing *Skritch v. Thornton,* 280 F.3d 1295, 1301 (11th Cir. 2002)).  Plaintiff does not allege that Defendants Smith and Mortlock failed to take reasonable steps to protect him from the assault.  Furthermore, "[r]egardless of the presence or absence of a weapon in the hands of the attacking inmates, 'no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence."  *Seals v. Marcus*, 2013 WL 656873, at *8 (M.D. Ga. 2013) (quoting *Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006)); *see also Prosser v. Ross,* 70 F.3d 1005, 1008 (8th Cir. 1995) ("[P]rison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm.").  Moreover, for the reasons discussed in this report and recommendation, Plaintiff's case is also due to be dismissed for failure to prosecute and failure to comply with a Court order.

## II.  STANDARD OF REVIEW

### A. Motion to Dismiss Standard

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### B.  Exhaustion Requirement

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[3]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies

---

[3] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

### III.  DISCUSSION

#### A.  Plaintiff's suit is barred by *Heck v. Humphrey*

Defendant argues that Plaintiff's claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which prevents state prisoners from pursuing § 1983 actions that, if successful, would necessarily imply the validity of a plaintiff's conviction. This applies to prison disciplinary convictions that result in the loss of gain time as well as criminal convictions. Here, Defendants have provided records that indicate that (1) Plaintiff lost 8 days of gain time in connection with the October 22, 2012 incident (Doc. 24, Exh E); and (2) Plaintiff pleaded guilty to one count of battery on a law enforcement officer and was sentenced to three years imprisonment after being charged with "unlawfully, intentionally, and knowingly" touching or striking Defendant Terrill on October 22, 2012. (Exh. A.)

In considering whether a § 1983 claim is *Heck*-barred, the Court must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction. *See Edwards v. Balisok*, 520 U.S. 642, 646-48

(1997).  If the factual basis of the plaintiff's civil case is "inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).  This Court has previously noted:

> It of course is possible for an excessive-force action and a battery conviction to coexist without running afoul of *Heck*.  When, for example, a plaintiff admits that he hit a law enforcement officer but asserts that the officer responded with excessive force, there is no *Heck* problem-a finding that the officer employed excessive force would not impugn the plaintiff's battery conviction.  But when the theory of the plaintiff's excessive-force case is that he never hit the officer and that the officer attacked him without provocation, the plaintiff, in effect, is mounting a collateral attack on his battery conviction, which *Heck* does not allow.

*Harvey v. Teal*, Case No. 5:08-cv-339-RH-AK, 2010 WL 427434, at *2 (N.D. Fla. 2010) (citing *Dyer v. Lee,* 488 F.3d 876, 882-84 (11th Cir. 2007); *Smith v. Towery,* 79 F.3d 951, 952-53 (9th Cir. 1996); *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006).

The instant case is similar to *Harvey*, where the Plaintiff's theory of his excessive-force claim (which came after his conviction for aggravated battery on a corrections officer) was that he never hit the officer and was attacked without provocation.  The Court concluded in *Harvey* that the plaintiff's version of events wherein he did not hit the officer would in fact imply the validity of his conviction, and therefore *Heck* did bar his claims.  *Harvey,* 2010 WL 42734, at *3.  Similarly, here, Plaintiff does not allege that he battered Defendant Terrill and thereafter Defendant Terrill unreasonably used excessive force.  Rather, Plaintiff alleges that the excessive force was entirely unprovoked.  Accordingly, Plaintiff has "voluntarily steered [his case] into *Heck* territory by making specific factual allegations in the complaint that were inconsistent with the facts upon which is criminal conviction . . . was based." *Hayward v. Kile*, 2009 WL 2045923, at *1 (S.D. Ga. 2009); *see also LaFlower v. Kinard*, 2011

WL 2183555, at *3 (M.D. Fla. 2011) (finding excessive-force claim barred by *Heck* where the "Plaintiff's basis for this action is wholly inconsistent with the facts up on which the disciplinary conviction is based" and a judgment in favor of Plaintiff finding that the attack was without provocation would necessarily imply the validity of the conviction).

Accordingly, because Plaintiff alleges that the excessive force was unprovoked and his version of the facts, if proven true, would necessarily imply the invalidity of his conviction, his suit is barred by *Heck*.  Furthermore, because his remaining claims of failure to protect or intervene claims hinge on his claims of excessive force, especially against Defendant Terrill, his case is due to be dismissed in its entirety.

### B.  Plaintiff failed to exhaust administrative remedies

Even if Plaintiff's suit was not *Heck*-barred, this case is still due to be dismissed because Plaintiff has failed to exhaust his administrative remedies as required by the PLRA and described in depth above in section II.B.  In this case, Defendants' motion and attached documents set forth uncontroverted facts showing that Plaintiff failed to exhaust his administrative remedies as to his claims in this case.  Although Plaintiff did file some grievances in connection with his claims in this suit, none were timely, as required by the inmate grievance procedure set forth in the Florida Administrative Code. (Doc. 24, Exhs. F-H.)  Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).  Plaintiff failed to respond to the motion to dismiss and has not otherwise disputed that he failed to exhaust his administrative remedies.  *See, e.g., Johnson v. Meadows*, 418 F.3d 1152, 1159 (2005) (rejecting prisoner's argument that his untimely grievance satisfied the PLRA"s exhaustion requirement, noting that permitting this circumstance would "run

counter to the understanding that 1997e(a) requires prisoners to invoke and fully exhaust all available administrative grievance processes.")  It is thus clear that Plaintiff's claims are due to be dismissed for failure to exhaust administrative remedies.  See *Turner*, 541 F.3d 1082.

### C.  Plaintiff has failed to prosecute this action

Even if Plaintiff's suit was not *Heck*-barred and he had properly exhausted his administrative remedies, this case is due to be dismissed for Plaintiff's failure to prosecute his case and failure to comply with a Court order.  The most recent filing by Plaintiff in this case was his October 2013 Third Amended Complaint.  (Doc. 22.)  Plaintiff did not respond to Defendants' motion to dismiss, and ignored the Court's Order to Show Cause why he failed to respond and why the case should not be dismissed.  (Doc. 26.)  Plaintiff was warned that his failure to comply with the Court's order may result in dismissal of his case, yet he failed to comply with the Court's order.

Pursuant to Fed. R. Civ. P. 41(b), a defendant may move to dismiss the action if the plaintiff fails to prosecute or to comply with a court's order.  A trial court also has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626 (1962); Eades v. Alabama Dept. of Human Resources, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal).   Accordingly, in addition to the reasons discussed above, Plaintiff's suit is also due to be dismissed for failure to prosecute.

### D.  Defendant Terrill is not entitled to sanctions

Finally, Defendant Terrill requests that the Court issue an Order sanctioning

Plaintiff for filing a malicious lawsuit and ordering Plaintiff to reimburse Defendant Terrill for costs and fees incurred in defending this suit.  (Doc. 24.)  Defendant Terrill offers no legal authority in support of his request.  The Court finds that because in many cases a defendant convicted of resisting or battering an officer may in fact proceed with an excessive force claim arising out of the same incident, Plaintiff's attempt to assert such a claim here does not warrant sanctions.  *See, e.g., Dyer v. Lee*, 488 F.3d 876 (11th Cir. 2007).

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 24) should be **GRANTED** and the case should be **DISMISSED WITHOUT PREJUDICE**  as barred by *Heck v. Humphrey*; for failure to exhaust administrative remedies; and for failure to prosecute.

2. Defendant Terrill's request for sanctions should be **DENIED.**

**IN CHAMBERS**  this 20th day of March 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**